**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4600**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DURNELL GAINES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:17-cr-00021-GLR-1)

Submitted: March 22, 2019                    Decided: April 10, 2019

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

A.D. Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland, for Appellant. David Daniel Metcalf, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Durnell Gaines appeals his conviction and 108-month sentence imposed following his guilty plea to possession with intent to distribute 3-Methylfentanyl, in violation of 21 U.S.C. § 841(a)(1) (2012). Gaines' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the Government breached the plea agreement by arguing for an unreasonable sentence. Gaines was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal pursuant to the appeal waiver in the plea agreement. For the reasons that follow, we grant the motion to dismiss in part and affirm the district court's judgment in part.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Generally, we will enforce an appeal waiver "if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). To be valid, an appeal waiver must be both knowing and intelligent. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstances." *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012) (per curiam) (internal quotation marks omitted).

Even a valid appeal waiver "cannot foreclose an argument that the government breached its obligations under the plea agreement." *United States v. Tate*, 845 F.3d 571, 574 (4th Cir. 2017) (internal quotation marks omitted). Such a claim will not invalidate

2

the appeal waiver, however, if the record does not support the existence of the breach. *United States v. Cohen*, 459 F.3d 490, 495 (4th Cir. 2006). Because Gaines alleges a breach for the first time on appeal, our review is for plain error. *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019).

Upon review of the record, we conclude that Gaines knowingly and intelligently waived his right to appeal. While the plea agreement does not foreclose Gaines' claim that the Government breached the plea agreement, we conclude that the record fails to establish such a breach. The Government advocated for a sentence at the bottom of the Guidelines range adopted by the sentencing court and well within the range of sentences contemplated by the parties' nonbinding Guidelines stipulations in the plea agreement. Further, insofar as Gaines takes issue with the Government's request for an obstruction-of-justice enhancement, the plea agreement expressly preserved the Government's ability to argue for that enhancement at sentencing. We therefore conclude that the waiver is valid and enforceable as to those issues within its scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of the waiver. *See, e.g.*, *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (discussing nonwaivable issues). We therefore grant the motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We deny the motion to dismiss in part and affirm as to all nonwaivable issues, including Gaines' breach claim. This court requires that counsel inform Gaines, in writing, of the right to petition the Supreme Court of the United States for further review. If Gaines requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gaines.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*